

**Emily C. Ellis**

emily.ellis@dentons.com
D 205-930-5225

Dentons Sirote PC
2311 Highland Avenue South
Birmingham, AL 35205-2972
United States

dentons.com

May 6, 2025

**VIA ELECTRONIC FILING**

David J. Smith, Clerk of Court
U.S. Court of Appeals for the Eleventh Circuit
56 Forsyth St. N.W.
Atlanta, Georgia 30303

Re: *Glade Creek Partners, LLC and Sequatchie Holdings, LLC Tax Matters Partner v. Commissioner of Internal Revenue*, Appeal No. 23-14039

Dear Clerk:

Pursuant to Federal Rule of Appellate Procedure 28(j), Glade Creek Partners, LLC ("Glade") respectfully directs the Court's attention to *Beaverdam Creek Holdings, LLC v. Commissioner*, Dkt. No. 12362-21 (Order filed Aug. 14, 2024). The Tax Court determined that the burden of proof was properly shifted to the IRS because the taxpayer produced credible evidence of compliance with I.R.C. § 170. This is consistent with Glade's position that the Tax Court erred in failing to address the question of which party bore the burden of proof on the issue of whether I.R.C. § 170(e) applied to the facts. Glade produced credible evidence that the property donated was not inventory, warranting the burden shift addressed in this order. It is worth noting that the judge who issued this order is the same judge who issued the decision that is the subject of this appeal.

In *Beaverdam*, the Tax Court noted that the standard to determine whether credible evidence was produced was whether "[w]ithout considering contrary evidence" the issue weighed in favor of the taxpayer. Order at 3. The Tax Court analyzed whether "the evidence submitted by the taxpayer favors its position and [is] credible evidence sufficient to shift the burden of proof to respondent with respect to factual issues. . . ." I.R.C. § 7491(a)(1). After that, the Tax Court shifted the burden of proof to the IRS.

Appellant respectfully requests that this Court determine that the Tax Court erred in failing to similarly shift the burden of proof to the IRS with respect to whether the Glade property was inventory in the hands of Hawks Bluff.

Regards,

***/s/ Emily C. Ellis***

Emily C. Ellis
Dentons Sirote PC

EE/adf

**Link Legal ► Zaanouni Law Firm & Associates ► LuatViet ► Fernanda Lopes & Associados ► Guevara & Gutierrez ► Paz Horowitz Abogados ► Sirote ► For more information on the firms that have come together to form Dentons, go to dentons.com/legacyfirms**

DOCSHSV\264478\3



United States Tax Court
Washington, DC 20217

BEAVERDAM CREEK HOLDINGS,
LLC, BEAVERDAM CREEK
INVESTORS, LLC, TAX MATTERS
PARTNER,

    Petitioner

    v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent

Docket No. 12362-21

# ORDER

    This is a conservation easement case. Pending before the Court is petitioner's Motion to Shift the Burden of Proof (motion) filed March 22, 2024.[1] Respondent responded to petitioner's motion in his opening brief and petitioner further addressed the burden of proof in its opening brief. Petitioner makes four arguments in its motion, each of which we will discuss.

    The facts described below are stated solely for the purpose of deciding petitioner's motion and are not findings of fact for this case. *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

I.    *Argument One: The FPAA is Arbitrary and Capricious*

    Petitioner argues that respondent should bear the burden of proof because the FPAA is allegedly arbitrary and capricious in that it "fails to articulate the basis for [a] $0 valuation of Petitioner's charitable contribution of the conservation easement despite Petitioner's attaching numerous supporting materials to its" tax return. The Tax Court has recognized that "the Commissioner's determination does not receive a presumption of correctness if the determination is shown to be arbitrary and capricious." *Parkway Gravel, Inc. v. Commissioner*, T.C. Memo 2024-59 at *8-9 (citing

---

[1] The Commissioner's determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving them erroneous. Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115, 54 S. Ct. 8, 78 L. Ed. 212, 1933-2 C.B. 112 (1933).

*Helvering v. Taylor*, 293 U.S. 507, 514, 55 S. Ct. 287, 79 L. Ed. 623 (1935); *Cohen v. Commissioner*, 266 F.2d 5, 11 (9th Cir. 1959), *remanding* T.C. Memo. 1957-172).

As stated in the petition, Beaverdam Creek Holdings, LLC, is a partnership with a principal place of business and mailing address in Georgia. Section 7482(b) governs the venue for appeal from a decision of this Court. Where our decision readjusts partnership items pursuant to a petition under section 6226, the appellate venue is the U.S. Court of Appeals for the circuit in which the partnership's principal place of business is located. § 7482(b)(1)(E). There being no stipulation to the contrary, we agree with petitioner's assertion in his opening brief that "[i]n this case, [any] appeal would lie in the U.S. Court of Appeals for the Eleventh Circuit." The Tax Court will follow a court of appeals decision which is squarely on point where appeal from our decision lies to that court of appeals alone. *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971).

The U.S. Court of Appeals for the Eleventh Circuit differentiates between unreported income cases and deduction cases in determining when the burden of proof shifts to the Commissioner. *See Gatlin v. Commissioner*, 754 F.2d 921, 923 (11th Cir. 1985), *aff'g.* T.C. Memo. 1982-489; *see also Amey & Monge, Inc. v. Commissioner*, 808 F.2d 758, 761 (11th Cir. 1987), *aff'g.* T.C. Memo. 1984-642. Although the Commissioner bears the burden of proving unreported income once it has been shown his determination was arbitrary and erroneous, where, as here, the case involves incorrect reporting of deductions, the taxpayer bears the burden of proving their entitlement to any deductions claimed. *See Gatlin v. Commissioner*, *supra* at 923. Thus, even assuming respondent's FPAA was arbitrary and capricious, the burden of proof remains with petitioner.

II.　*Argument Two: Section 170 Compliance*

Petitioner's remaining three arguments pertain to section 7491. If a taxpayer produces credible evidence with respect to one or more factual issues relevant to the taxpayer's tax liability, the burden of proof may shift to the Commissioner as to that issue or issues. § 7491(a)(1).[2] Credible evidence is the quality of evidence which, after critical analysis, a court would find sufficient to base a decision on the issue if no contrary evidence were submitted. *Baker v. Commissioner*, 122 T.C. 143, 168 (2004) (quoting *Higbee v. Commissioner*, 116 T.C. 438, 442 (2001)).

Respondent claims that petitioner did not comply with section 170 because it failed to attach a qualified appraisal to its tax return for the year at issue. In support of this argument, respondent claims that 1) the appraisal failed to comply with

---

[2] Section 7491(a)(1) applies only if the taxpayer complies with substantiation requirements, maintains all required records, and cooperates with reasonable requests by the Commissioner for witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2). Respondent has not argued that any of these exceptions apply.

generally accepted appraisal standards by not providing a credible assignment result under the Uniform Standards of Professional Appraisal Practice (USPAP), and 2) the appraisers were not qualified appraisers because petitioner had knowledge of facts that would cause it to expect the appraisers to falsely to overstate the value of the donated property. Respondent's second argument is based largely on evidence that is contrary to evidence favorable to petitioner.

We recently addressed a similar USPAP issue in *Buckelew Farm, LLC v. Commissioner*, T.C. Memo 2024-52. In that case, the appraiser determined that the property at issue had a fair market value of $50,480,000 before the granting of a conservation easement. *Id.* at *13. We ultimately ruled that such a valuation was "firmly planted somewhere in the realm of fantasy." *Id.* at *56. Nonetheless, we still found that the appraisal was a qualified appraisal. *Id.* at *49. Discussing USPAP, we stated that

> "Appraising is not an exact science and has a subjective nature." *Gorra v. Commissioner*, T.C. Memo. 2013-254, at *48. USPAP is widely recognized and accepted as setting out standards applicable to the appraisal profession. Adherence to those standards is evidence that the appraiser is applying methods that are generally accepted within the appraisal profession. Therefore, at a minimum, compliance with USPAP is an indication that the appraiser's valuation report is reliable. However, full compliance with USPAP is not the sole measure of reliability. *See Whitehouse Hotel Ltd. P'ship v. Commissioner*, 131 T.C. 112, 127-28 (2008), vacated and remanded, 615 F.3d 321 (5th Cir. 2010). We generally accept [respondent's expert's] opinion that [the] appraisal [attached to the tax return] lacks full compliance under USPAP; however, we find these failures go more to the credibility and weight of the appraisal and not to whether the appraisal complies with generally accepted appraisal standards. . . . [W]e cannot say the appraisal fails to comply with generally accepted appraisal standards.

*Buckelew Farm, LLC v. Commissioner*, *supra* at *48-49.

Without considering contrary evidence, we cannot say that the appraisal attached to petitioner's tax return for the year at issue failed to comply with generally accepted appraisal standards. We likewise cannot say that the appraisers were not qualified appraisers without considering contrary evidence. Indeed, the evidence submitted by petitioner favors its position and we find it to be credible evidence sufficient to shift the burden of proof to respondent with respect to factual issues relevant to section 170 compliance. § 7491(a)(1). We note that, based on our review of the substantial record in this case and the parties' opening briefs, we consider it unlikely that there will be an evidentiary tie on the section 170 compliance issue that would cause the burden of proof to be the deciding factor. *See Knudsen v. Commissioner*, 131 T.C. 185, 188 (2008).

III. *Argument Three: Valuation*

Petitioner argues that it has put forth credible evidence regarding the value of the easement that it donated. We disagree.

In short, nothing in the evidence put forth by petitioner credibly supports the $21,972,000 noncash deduction claimed by petitioner as a result of its donation of the easement. Analyses put forth by petitioner overvalued the amount of income that would flow to the property owners if the property was again used for mining granite. Petitioner has failed to show that the easement has a value nearly 100 times what it effectively paid for the entire property less than 6 months prior to the donation.

This is not to say that we completely discount petitioner's expert reports and evidence that may support a higher valuation for the easement than that claimed by respondent. Although we rule that petitioner's evidence does not credibly support a nearly $22 million easement valuation, we will weigh it, along with evidence put forward by respondent, in determining the value of the easement at the time of its donation.

IV. *Argument Four: Penalties*

Section 7491(a) only applies to "factual issue[s] relevant to ascertaining the liability of the taxpayer for any tax imposed by subtitle A or B." Section 7491(a) expressly applies only to taxes. *See El v. Commissioner*, 144 T.C. 140, 146-149 (2015) (discussing penalties, additions to tax, and additional amounts as compared to taxes). Section 7491(c) applies to penalties, providing that "Notwithstanding any other provision of this title, the Secretary shall have the burden of production in any court proceeding with respect to the liability of any individual for any penalty, addition to tax, or additional amount imposed by this title." However, section 7491(c) does not apply to TEFRA partnership-level proceedings, such as those in this case. *See Dynamo Holdings Ltd. P'ship v. Commissioner*, 150 T.C. 224, 234 (2018). Therefore, petitioner bears not only the burden of proof, but also the burden of production, even as to penalties.

For the reasons stated above, it is

ORDERED that petitioner's Motion to Shift the Burden of Proof is granted with respect to the section 170 compliance issue. It is further

ORDERED that petitioner's Motion to Shift the Burden of Proof is otherwise denied.

**(Signed) Joseph Robert Goeke**
**Judge**